**IN THE COURT OF APPEALS OF IOWA**

No. 15-0837
Filed July 9, 2015

**IN THE INTEREST OF M.S.,**
   **Minor Child,**

**D.K., Mother,**
   Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Daniel L. Block, Associate Juvenile Judge.

A mother appeals from the juvenile court order terminating her parental rights.  **AFFIRMED.**

Michelle Marie Jungers of Iowa Legal Aid, Waterloo, for appellant.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Stephen Halbach, Assistant County Attorney, for appellee.

Linda Hall of Linda Hall Law Firm & Mediation Services, P.L.L.C., Cedar Falls, for father.

Timothy Baldwin of Public Defender Office, Waterloo, attorney and guardian ad litem for minor child.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**MULLINS, J.**

The mother appeals from the juvenile court order terminating her parental rights to M.S., pursuant to Iowa Code section 232.116(1)(e), (g), (h), and (*l*) (2013). The mother contends it was not in M.S.'s best interest to terminate her parental rights, and the court should have given her an additional six months, pursuant to section 232.104(2)(b), to work toward reunification. We affirm.[1]

There have been two previous child-in-need-of-assistance cases involving M.S., beginning when she was born testing positive for cocaine in January 2013. The present case began when the mother was using methamphetamine while caring for M.S., and M.S. tested positive for methamphetamine. In its termination order filed in April 2015, the juvenile court found the following:

> [The mother] has a lengthy history of substance abuse, unavailability and unmet mental health needs . . . . [She] has had her parental rights terminated in regard to three of her five older children . . . . [She] has been arrested approximately 22 times for theft, forgery and drug related charges. [She] has violated her probation and parole multiple times resulting in 17 years of incarceration . . . . [She] testifies to participating in inpatient or outpatient substance abuse programming on at least nineteen different occasions. [She] was most recently discharged from the Covenant Horizons program on March 9, 2015, for being noncompliant and non-amenable to treatment . . . .
> [The mother] is diagnosed with Anxiety Disorder and Depression. [She] has not followed through with mental health counseling. [She] met with her mental health counselor one time in March 2015. No further appointments have been scheduled. [She] is not believed to be taking her prescribed medications . . . .
> [She] has been unable to obtain employment, maintain a stable residence and demonstrate that she could care for a child . . . .
> [She] has demonstrated that she is barely able to care for herself and clearly unable to meet the needs for her child.

---

[1] The juvenile court terminated the father's parental rights with his consent, pursuant to Iowa Code section 232.116(1)(a). The father's rights are not a subject of this appeal.

The DHS worker reported the mother attended visitation inconsistently and that she occasionally demonstrated erratic behavior and smelled of alcohol at visitations. The mother continued to use alcohol and methamphetamine. The court found that clear and convincing evidence supported termination of her rights under four different grounds: section 232.116(1)(e), (g), (h), and (*l*). The court found it was in the child's best interest to terminate her parental rights and it was not appropriate to defer permanency for an additional six months. The mother appeals.

We review termination-of-parental-rights proceedings de novo. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). We give weight to the factual determinations of the juvenile court, especially with regard to witness credibility, but are not bound by them. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). Our primary consideration is the best interest of the child. *Id.* at 776.

The mother argues it was not in the child's best interest to terminate her parental rights. Under Iowa Code section 232.116(2),[2] in considering whether to terminate parental rights, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." "Insight for the determination of the child's long-range best interests can be

---

[2] The mother does not cite whether she is arguing under Iowa Code section 232.116(2) or (3)(c). Although the mother's best-interest argument cites the parent-child bond, we assume the mother is arguing under Iowa code section 232.116(2), rather than section 232.116(3)(c), because she does not further argue how the termination would be detrimental to the child, as that section requires. If she intended to assert section 232.116(3)(c) we deem her failure to argue the "detrimental" prong as a waiver of the issue.

gleaned from evidence of the parent's past performance for that performance may be indicative of the quality of the future care that parent is capable of providing." *Id.* at 778 (internal quotations and citations omitted). The juvenile court found:

> Because of the child's age, the parents' lack of participation in services, history of substance abuse, lack of basic parenting skills, chaotic lifestyle choices and unavailability, the Court finds that it is clearly in the child's best interests and the community's best interests that the Petition for Termination of Parental Rights is granted.

Although we do not consider the community's best interests, on our de novo review, we agree with the juvenile court that it is in M.S.'s best interest to terminate the mother's parental rights.

The mother's failure to address her substance abuse and mental health issues has made it impossible for her to provide M.S. even the most basic parental care. By not challenging any of the four grounds for termination, she concedes clear and convincing evidence exists to terminate her parental rights, including evidence that she has failed to maintain significant and meaningful contact with the child,[3] she lacks the ability or willingness to respond to services which would correct the situation,[4] the child cannot be returned to her care at this time,[5] and that she has a severe substance-related disorder and presents a danger to herself or others.[6] Under these circumstances, we find M.S.'s safety, long-term nurturing and growth, and needs are best met by terminating the

---

[3] *See* Iowa Code § 232.116(1)(e).
[4] *See* id. § 232.116(1)(g).
[5] *See* id. § 232.116(1)(h).
[6] *See* id. § 232.116(1)(*l*).

mother's parental rights and pursuing a permanent home for her. We affirm the juvenile court's finding that termination is in M.S.'s best interest.

The mother further argues the juvenile court should have given her an additional six months to work toward reunification, pursuant to 232.104(2)(b). In order to extend a child's placement for an additional six months, the juvenile court must find that the need for removal will no longer exist at the end of six months. *See* Iowa Code § 232.104(2)(b). The juvenile court found the mother's request for an additional six months was "clearly not in the child's best interests." The court further explained, "[B]ased upon the mother's minimal progress and history of services through the Department of Human Services, the court finds that it would be very unlikely that the child could be returned to the care of [the mother] in six months." The mother argues her visitation has been more consistent and she sought treatment for her substance abuse and mental health issues. On our de novo review of the record, we agree with the juvenile court that there is nothing in the record to indicate the mother—given her long history with DHS and her failure to utilize services—would be ready to resume care of M.S. in six months, or any time thereafter. Accordingly, we affirm the juvenile court's conclusion.

**AFFIRMED.**